IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

SUSAN STEVERSON,

    Plaintiff,

v.                          CASE NO. 5:16cv226-RH/GRJ

HOLMES DISTRICT SCHOOL BOARD,
EDDIE DIXON, BRENT JONES and
UNKNOWN DEFENDANTS,
    Defendant.

_____/

## ORDER DISMISSING THE COMPLAINT IN PART

The plaintiff Susan Steverson is a teacher employed by the defendant Holmes District School Board. She filed this action against the School Board and against superintendent Eddie Dixon and principal Brent Jones in their individual and official capacities. The defendants have moved to dismiss the complaint for failure to state a claim on which relief can be granted. This order grants the motion in part.

To survive a motion to dismiss for failure to state a claim, a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009). For purposes of a motion to dismiss, the complaint's factual allegations, though not its legal conclusions, must be accepted as true. *Id.*; *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Ms. Steverson's complaint is divided into four counts but apparently attempts to assert six claims: a First Amendment claim; a Due Process claim; an Equal Protection claim; a hostile-environment claim; a breach-of-contract claim; and a conspiracy claim under 42 U.S.C. § 1985. This order narrows the First Amendment claim against the School Board but does not dismiss it. This order dismisses the other claims.

As an initial matter, the claims against Mr. Dixon and Mr. Jones in their official capacities are redundant to the claims against the School Board. This order dismisses the official-capacity claims on this basis. *See, e.g.*, *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (approving the dismissal of official-capacity defendants whose presence was merely redundant to the naming of an institutional defendant).

Ms. Steverson alleges she suffered retaliation for remarks she made in her classroom, in meetings at her school, and at a public School Board meeting. When speaking in her classroom and in meetings at her school, Ms. Steverson was speaking as a public employee. She has no First Amendment claim based on those remarks. *See, e.g.*, *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006). The same is not

true, however, of her remarks at the School Board meeting. Ms. Steverson has adequately alleged that she suffered retaliation for those remarks in violation of the First Amendment.

The First Amendment claim cannot go forward, however, against the individual defendants. Qualified immunity applies to damages claims against public officers who are sued in their individual capacities and protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986). *See generally Carroll v. Carman*, 135 S. Ct. 348 (2014); *Hope v. Pelzer*, 536 U.S. 730 (2002); *Harlow v. Fitzgerald*, 457 U.S. 800 (1982). Thus a public officer may be held individually liable only if the officer's conduct violates clearly established law. Here the complaint adequately alleges that Ms. Steverson's speech was protected by the First Amendment, but the law so holding was not—and still is not—clearly established. Ms. Steverson has identified no case holding that a teacher's remarks of this kind at a school board meeting are protected.

The complaint does not allege facts plausibly suggesting that Ms. Steverson suffered a denial of substantive or procedural due process. *See, e.g., McKinney v. Pate*, 20 F.3d 1550, 1560-61 (11th Cir. 1994) (en banc). Nor does the complaint plausibly allege an Equal Protection violation. *See, e.g., Engquist v. Oregon Dept. of Agric.*, 553 U.S. 591, 594-95 (2008); *Thompson v. Starkville*, 901 F.2d 456, 468

(5th Cir. 1990). The complaint alleges Ms. Steverson suffered a hostile environment but does not allege conditions that were severe or pervasive or, more importantly, that the hostility was based on gender or age or any other protected characteristic. The complaint alleges breach of the union contract but does not allege that Ms. Steverson invoked the remedy provided in the contract or that it was unavailable.

The complaint alleges a conspiracy between Mr. Dixon and Mr. Jones to deprive Ms. Steverson of civil rights in violation of § 1985. Ms. Steverson apparently asserts the object of the conspiracy was to discriminate against her based on gender or age. But the complaint is far from clear. If Ms. Steverson indeed alleges she suffered an adverse employment action based on her gender or age, she will need to allege it far more clearly than in the current complaint.

Finally, the complaint includes a separate count asking for injunctive relief. Injunctive relief is a remedy, not a separate cause of action. The demand for injunctive relief is noted and will be properly considered in the event Ms. Steverson prevails on any claim.

This order sets a deadline for any motion for leave to amend the complaint in response to this order. Ms. Steverson may move for leave to amend to assert a claim of gender or age discrimination but should not do so unless she has a good-faith basis to assert that such a claim could survive summary judgment. *See, e.g.*,

*Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1091 (11th Cir. 2004) (stating that for an inference of discrimination to be permissible based on differential treatment of another employee, the "comparator must be similarly situated 'in all relevant respects' ") (quoting *Holifield v. Reno*, 115 F.3d 1555, 1562 (11th Cir. 1997); *Maniccia v. Brown*, 171 F.3d 1364, 1368 (11th Cir. 1999) (stating that a comparator's conduct must "be nearly identical to prevent courts from second-guessing employers' reasonable decisions and confusing apples with oranges").

For these reasons,

IT IS ORDERED:

1. The motion to dismiss, ECF No. 19, is granted in part.

2. The First Amendment claim against the School Board based on Ms. Steverson's remarks at a School Board meeting is not dismissed.

3. All other claims are dismissed.

4. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

5. The deadline for any motion for leave to file an amended complaint in response to this order is February 27, 2017.

SO ORDERED on February 11, 2017.

s/Robert L. Hinkle
United States District Judge